# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## ARIUM SHELBY FARMS v. NEDRA DRAYTON

**Appeal from the Circuit Court for Shelby County**
**No. CT-002563-16  Robert Samual Weiss, Judge**

_____

**No. W2016-01450-COA-R3-CV**

_____

Because the order appealed is not a final judgment, we must dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., BRANDON O. GIBSON, J., AND KENNY ARMSTRONG, J.

Nedra Drayton, pro se.

S. Joshua Kahane, Memphis, Tennessee, for the appellee, Arium Shelby Farms.

## MEMORANDUM OPINION[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones**, 783 S.W.2d 553 (Tenn. 1990).

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, on June 16, 2016, the Shelby County General Sessions

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Court awarded Appellee Arium Shelby Farms a monetary judgment of $ 2,606.82, as well as possession of the subject premises. Appellant Nedra Drayton filed a notice of appeal to the Shelby County Circuit Court on June 20, 2016. Then, on June 24, 2016, Appellee filed a motion seeking an order directing the Shelby County Court Clerk to issue a writ of possession, because Appellant had failed to post the statutory bond equal to one year's rent of the premises. By Order entered on July 8, 2016, the trial court ordered the trial court clerk to immediately issue a writ of possession of the subject premises. Appellant filed a notice of appeal of that order on July 11, 2016. There is nothing in the record, though, indicating that the trial court considered the merits of the underlying claims for possession and damages.

Thus, by Order entered on July 21, 2017, the Court directed Appellant Nedra Drayton to either obtain entry of a final judgment or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Appellant filed a response to our Order on August 7, 2017. By Order entered on August 11, 2017, the Court directed Appellee Arium Shelby Farms to, within ten (10) days of the entry of that Order, submit a statement to the Court addressing whether the order appealed in this matter is a final judgment.

As of September 11, 2017, Appellee Arium Shelby Farms had not filed a response to our Order of August 11, 2017. Consequently, the Court entered an Order on that date directing Appellee to, within ten (10) days of the entry of that Order, submit a statement to the Court addressing whether the order appealed in this matter is a final judgment, as well as addressing why Appellee and its attorney, S. Joshua Kahane, should not be found in contempt of this Court's order. Appellee submitted a response on September 21, 2017, in which Appellee agreed that the order appealed is not a final judgment. As of this date, Appellant has not responded to Appellee's response.

Upon our review of Appellee's response, the Court excuses counsel for failure to file a timely response to our Order of September 11, 2017. Also, it is apparent that the order appealed is not a final judgment. Consequently, this Court lacks jurisdiction and therefore, this appeal must be dismissed.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is hereby dismissed without prejudice and remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this matter are assessed to Appellant Nedra Drayton for which execution may issue, if necessary. **It is SO ORDERED.**

**PER CURIAM**